**Rule 102.  Definitions.**

Subject to additional definitions contained in subsequent provisions of these rules which are applicable to specific provisions of these rules, the following words and phrases when used in these rules shall have, unless the context clearly indicates otherwise, the meanings given to them in this rule:

*Action.*—Any action or proceeding at law or in equity.

*Argument.*—Where required by the context, the term includes submission on briefs.

*Administrative* **[O]***o*ffice.—The Administrative Office of Pennsylvania Courts.

*Appeal.*—Any petition or other application to a court for review of subordinate governmental determinations. The term includes an application for certiorari under 42 Pa.C.S. § 934 (writs of **[certiorari]** *certiorari*) or under any other provision of law. Where required by the context, the term includes proceedings on petition for review.

**Note:** Under these rules a "subordinate governmental determination" includes an order of a **[lower]trial** court. The definition of "government unit" includes courts, and the definition of "determination" includes action or inaction by (and specifically an order entered by) a court or other government unit.  In general**,** any appeal now extends to the whole record, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law and the scope of review of an order on appeal is not limited as on broad or narrow **[certiorari]***certiorari*. **[See]***See* 42 Pa.C.S. § 5105(d) (scope of appeal).

*Appellant.*—Includes petitioner for review.

*Appellate court.*—The Supreme Court, the Superior Court**,** or the Commonwealth Court.

*Appellee.*—Includes a party named as respondent in a petition for review.

*Application.*—Includes a petition or a motion.

*Appropriate security.*—Security **[which]** **that** meets the requirements of **[Rule]Pa.R.A.P.** 1734 (appropriate security).

*Children's fast track appeal.*—Any appeal from an order involving dependency, termination of parental rights, adoptions, custody**,** or paternity.  **[See]***See* 42 Pa.C.S. §§

6301 **[et seq.]***et seq.*; 23 Pa.C.S. §§ 2511 **[et seq.]***et seq.*; 23 Pa.C.S. §§ 2101 **[et seq.]***et seq.*; 23 Pa.C.S. §§ 5301 **[et seq.]***et seq.*; 23 Pa.C.S. §§ 5102 **[et seq.]***et seq.*

*Clerk.*—Includes prothonotary.

**[*Counsel.*—Counsel of record.]**

***Counsel of record.*—All attorneys who were counsel of record in the trial court at the time of the filing of the notice of appeal will be counsel of record in the appellate courts. For a criminal defendant, the representation extends up to and including the filing of a petition for allowance of appeal and the handling of such an appeal if granted, unless (1) substitute counsel has entered an appearance and is expressly identified in the *praecipe* as substitute, rather than additional, counsel; (2) the Court of Common Pleas has entered on the docket an order permitting the attorney to withdraw; or (3) an application for withdrawal is granted by the appellate court.**

*Determination.*—Action or inaction by a government unit, which action or inaction is subject to judicial review by a court under Section 9 of Article V of the Constitution of Pennsylvania or otherwise. The term includes an order entered by a government unit.

*Docket* **[*E*]***e*ntries.*—Includes the schedule of proceedings of a government unit.

*General rule.*—A rule or order promulgated by or pursuant to the authority of the Supreme Court.

*Government unit.*—The Governor and the departments, boards, commissions, officers, authorities, and other agencies of the Commonwealth, including the General Assembly and its officers and agencies and any court or other officer or agency of the unified judicial system, and any political subdivision or municipal or other local authority or any officer or agency of any such political subdivision or local authority. The term includes a board of arbitrators whose determination is subject to review under 42 Pa.C.S. § 763(b) (awards of arbitrators).

***Hybrid representation.*—An attempt to act as counsel for oneself when one has counsel of record.**

*Judge.*—Includes a justice of the Supreme Court.

**[Lower court.—The court from which an appeal is taken or to be taken. With respect to matters arising under Chapter 17 (effect of appeals; supersedeas and stays), the term means the trial court from which the appeal was first taken.]**

2

*Matter.*—Action, proceeding, or appeal. The term includes a petition for review.

*Order.*—Includes judgment, decision, decree, sentence, and adjudication.

*Petition for allowance of appeal.*—(a) A petition under **[Rule]Pa.R.A.P.** 1112 (appeals to the Supreme Court by allowance); or (b) a statement pursuant to **[Rule]Pa.R.A.P.** 2119(f) (discretionary aspects of sentence). *See* 42 Pa.C.S. § 9781.

*Petition for permission to appeal.*—A petition under **[Rule]Pa.R.A.P.** 1311 (interlocutory appeals by permission).

*Petition for review.*—A petition under **[Rule]Pa.R.A.P.** 1511 (manner of obtaining judicial review of governmental determinations).

*President judge.*—When applied to the Supreme Court, the term means the Chief Justice of Pennsylvania.

***Pro se.*—A party representing himself or herself without counsel.**

*Proof of service.*—Includes acknowledgment of service endorsed upon a pleading.

*Quasijudicial order.*—An order of a government unit, made after notice and opportunity for hearing, which is by law reviewable solely upon the record made before the government unit, and not upon a record made in whole or in part before the reviewing court.

*Reargument.*—Includes **reconsideration and rehearing, and is requested through an application filed in accordance with Pa.R.A.P. 2541-2547 [, in the case of applications for reargument under Chapter 25 (post-submission proceedings), reconsideration and rehearing]**.

**[*Reconsideration.*—Includes reargument and rehearing.]**

*Reproduced **[R]**record.*—That portion of the record which has been reproduced for use in an appellate court. The term includes any supplemental reproduced record.

*Rule of court.*—A rule promulgated by a court regulating practice or procedure before the promulgating court**(s)**.

*Verified **[S]**statement.*—A document filed with a clerk under these rules containing statements of fact and a statement by the signatory that it is made subject to the penalties of 18 Pa.C.S. § 4904 (unsworn falsification to authorities).

**Official Note:** Based on 42 Pa.C.S. § 102 (definitions). The definition of "determination" is not intended to affect the scope of review provided by 42 Pa.C.S. § 5105(d) (scope of appeal) or other provision of law.

**Rule 120.  Entry of Appearance.**

**[(a)  Filing.—]**  Any counsel filing papers required or permitted to be filed in an appellate court must enter an appearance with the prothonotary of the appellate court unless that counsel has been previously noted on the docket as counsel pursuant to **[Rules]Pa.R.A.P.** 907(b), 1112(f), 1311(d) or 1514(d).  New counsel appearing for a party after docketing pursuant to **[Rules]Pa.R.A.P.** 907(b), 1112(f), 1311(d), or 1514(d) shall file an entry of appearance simultaneous**ly** with or prior to the filing of any papers signed by new counsel.  The entry of appearance shall specifically designate each party the attorney represents**, and whether the attorney is entering an appearance as substitute or additional counsel.** [and the] **The** attorney shall file a certificate of service pursuant to **[Subdivision]** paragraph (d) of **[Rule]Pa.R.A.P.** 121 and **to** **[Rule]Pa.R.A.P.** 122.  **[Where new counsel enters an appearance on behalf of a party currently represented by counsel and there is no simultaneous withdrawal of appearance, new counsel shall serve the party that new counsel represents and all other counsel of record and file a certificate of service]** **If an attorney enters an appearance as substitute counsel for a party, the original counsel of record for that party may withdraw by** *praecipe***, without filing an application for permission to withdraw.**

**Official Note:  [See Subdivision (b) of Rule 907, Subdivision (f) of Rule 1112, Subdivision (d) of Rule 1311 and Subdivision (d) of Rule 1514.]**

For admission *pro hac vice*, see Pa.B.A.R. 301.

**Rule 121.  Filing and Service.**

(a)  *Filing.*—Papers required or permitted to be filed in an appellate court shall be filed with the prothonotary.  Filing may be accomplished by mail addressed to the prothonotary, but except as otherwise provided by these rules, filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing.  If an application under these rules requests relief which may be granted by a single judge, a judge in extraordinary circumstances may permit the application and any related papers to be filed with that judge.  In that event the judge shall note thereon the date of filing and shall thereafter transmit such papers to the clerk.

**[A pro se filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities.]**

(b)  *Service of all papers required.*—Copies of all papers filed by any party and not required by these rules to be served by the prothonotary shall, concurrently with their filing, be served by a party or person acting on behalf of that party or person on all other parties to the matter.  Service on a party represented by counsel shall be made on counsel.

(c)  *Manner of service.*—Service may be:

(1) by personal service, which includes delivery of the copy to a clerk or other responsible person at the office of the person served, but does not include inter-office mail;

(2) by first class, express, or priority United States Postal Service mail**, which service is complete upon mailing**;

(3) by commercial carrier with delivery intended to be at least as expeditious as first class mail if the carrier can verify the date of delivery to it; **or**

(4) by facsimile or e-mail with the agreement of the party being served as stated in the certificate of service.

**[Service by mail is complete on mailing.]**

(d)  *Proof of service.*—Papers presented for filing shall contain an acknowledgement of service by the person served**[,]** or proof of service certified by the person who made service.  Acknowledgement or proof of service may appear on or be

6

affixed to the papers filed. The clerk may permit papers to be filed without acknowledgement or proof of service but shall require such to be filed promptly thereafter.

(e) *Additional time after service by mail and commercial carrier.*—Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party (other than an order of a court or other government unit) and the paper is served by United States mail or by commercial carrier, three days shall be added to the prescribed period.

**(f)** ***Date of filing for incarcerated persons.*—A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.**

**(g)** ***Hybrid representation.*— Where there is counsel of record, a party may file only the following documents *pro se*: (i) a notice of appeal; (ii) a request to change or remove counsel; (iii) a response to a motion to withdraw that has been filed by counsel of record; (iv) a complaint that existing counsel has abandoned the party; or (v) an application to file a petition for allowance of appeal *nunc pro tunc*. Any other document that a party attempts to file *pro se* will be noted on the docket but not accepted for filing. This rule is not intended to provide an independent basis for jurisdiction where it does not otherwise exist.**

**Official Note: [***Subdivision***]*Paragraph* (a)—The term "related papers" in [subdivision] paragraph** (a) of this rule includes any appeal papers required under **[Rule] Pa.R.A.P.** 1702 (stay ancillary to appeal) as a prerequisite to an application for a stay or similar relief.

**[In 2008, the term "paperbooks" was replaced with "briefs and reproduced records" throughout these rules. The reference to the deemed filing date for paperbooks when first class mail was used that was formerly found in subdivision (a) is now found in Rule 2185 regarding filing briefs and in Rule 2186 regarding filing reproduced records.**

**As to pro se filings by persons incarcerated in correctional facilities,** *see Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997); *Smith v. Pa. Bd. of Prob. & Parole*, 546 Pa. 115, 683 A.2d 278 (1996); *Commonwealth v. Johnson*, 860 A.2d 146 (Pa. Super. 2004).**]**

[*Subdivision*]_Paragraph_ *(c)*—An acknowledgement of service may be executed by an individual other than the person served, **[e.g.]** _e.g._, by a clerk or other responsible person.

[*Subdivision*]_Paragraph_ *(d)*—With respect to appearances by new counsel following the initial docketing of appearances pursuant to **[subdivision] paragraph** (d) of this rule, please note the requirements of **[Rule]Pa.R.A.P.** 120 (entry of appearance).

[*Subdivision*]_Paragraph_ *(e)*—**[Subdivision]Paragraph** (e) of the rule does not apply to the filing of a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for reconsideration or **[re-argument]reargument**, since under these rules the time for filing such papers runs from the entry and service of the related order, nor to the filing of a petition for review, which is governed by similar considerations. **[However, these rules permit the filing of such notice and petitions (except a petition for reconsideration or re-argument) in the local county (generally in the county court house; otherwise in a post office), thus eliminating a major problem under the prior practice.]** The amendments to **[Rules]Pa.R.A.P.** 903(b), 1113(b), and 1512(a)(2) clarified that **[subdivision]paragraph** (e) does apply to calculating the deadline for filing cross-appeals, cross-petitions for allowance of appeal, and additional petitions for review.

_Paragraph (f)_—**This recognizes the holding in** _Smith v. Board of Probation and Parole_**, 683 A.2d 278, 281 (Pa. 1996) (adopting the prisoner mailbox rule to determine date of filing of a petition for review).** _Smith_ **adopted the reasoning of the United States Supreme Court in** _Houston v. Lack_**, 487 U.S. 266, 270-71 (1988).** _See also Commonwealth v. Jones_**, 700 A.2d 423, 426 (Pa. 1997) (extending prisoner mailbox rule to filing of a notice of appeal).**

_Paragraph (g)_—**The rule on hybrid representation is premised on** _Commonwealth v. Ellis_**, 626 A.2d 1137, 1139-40 (Pa. 1993).** _See_ **210 Pa. Code § 65.24. If a** _pro se_ **notice of appeal is filed, it will satisfy the timeliness requirement for the filing of a notice of appeal. Counsel of record will, however, be obligated to prosecute that appeal. There are four other instances in which** _pro se_ **documents will be accepted by an appellate court for filing: a request by the party to change or remove counsel; a response to counsel's request to withdraw; a complaint that existing counsel has abandoned the party; and a** _pro se_ **petition for** _nunc pro tunc_ **permission to file a petition for allowance of appeal under Pa.R.A.P. 1113(d). All other documents will be noted on the docket as received by the appellate court prothonotary's office but will not be accepted for filing; instead, the** _pro se_ **document will be forwarded to counsel of record with, if the court desires, direction for counsel to respond.**

8

**Rule 907.  Docketing of Appeal.**

(a)  *Docketing of appeal.*—Upon the receipt of the papers specified in **[Rule]Pa.R.A.P.** 905(b) (transmission to appellate court)**,** the prothonotary of the appellate court shall immediately enter the appeal upon the docket, note the appellate docket number upon the notice of appeal, and give written notice of the docket number assignment in person or by first class mail to the clerk of the **[lower]trial** court, to the appellant**,** and to the persons named in the proof of service accompanying the notice of appeal.  An appeal shall be docketed under the caption given to the matter in the **[lower]trial** court, with the appellant identified as such, but if such caption does not contain the name of the appellant, **[his]appellant's** name, identified as appellant, shall be added to the caption in the appellate court.

(b)  *Entry of appearance.*—Upon the docketing of the appeal the prothonotary of the appellate court shall note on the record as counsel for the appellant the name of counsel, if any, set forth in or endorsed upon the notice of appeal, **[and, as counsel for other parties, counsel, if any,]** **counsel of record, and any counsel** named in the proof of service.  The prothonotary of the appellate court shall upon **[praecipe]***praecipe* of **[any such]** counsel **[for other parties,]** filed within 30 days after **[filing]** **the docketing** of the notice of appeal **[strike off or]** correct the record of appearances. **Also within 30 days after the docketing of the notice of appeal, counsel for a party may strike off his or her appearance by** *praecipe***, unless that party is entitled by law to be represented by counsel on appeal.**  Thereafter**, and at any time if a party is entitled by law to be represented by counsel on appeal,** a counsel's appearance for a party may not be withdrawn without leave of court**,** unless another lawyer has entered or simultaneously enters an appearance for the party.

**Official Note:**  The transmission of a photocopy of the notice of appeal, showing a stamped notation of filing and the appellate docket number assignment, without a letter of transmittal or other formalities, will constitute full compliance with the notice requirement of **[Subdivision]paragraph** (a) of this rule.

**[With regard to subdivision (b) and withdrawal of appearance without leave of the appellate court, counsel may nonetheless be subject to trial court supervision pursuant to Pa.R.Crim.P. 904 (Entry of Appearance and Appointment of Counsel;** *In Forma Pauperis***).]** **A party may be entitled to the representation by counsel on appeal by constitution, statute, rule, and case law.  For example, the Rules of Criminal Procedure require counsel appointed by the trial court to continue representation through direct appeal. Pa.R.Crim.P. 120(A)(4) and Pa.R.Crim.P. 122(B)(2).  Similarly, the Rules of Criminal Procedure require counsel appointed in post-conviction proceedings to continue representation throughout the proceedings, including any appeal from the disposition of the petition for post-conviction collateral relief.  Pa.R.Crim.P. 904(F)(2) and**

9

**Pa.R.Crim.P. 904(H)(2)(b). The same is true when counsel enters an appearance on behalf of a juvenile in a delinquency matter or on behalf of a child or other party in a dependency matter. Pa.R.J.C.P. 150(B), 151, Pa.R.J.C.P. 1150(B), 1151(B), (E). It would be rare for counsel in such cases to consider withdrawing by** *praecipe*, **but the 2020 amendment to the rule avoids any possibility of confusion by clarifying that withdrawal by** *praecipe* **is available only in matters that do not otherwise require court permission to withdraw.**

**If a party is entitled to representation on appeal, the appellate court will presume that counsel who represented the party in the trial court will also represent the party on appeal, and counsel will be entered on the appellate court docket. In order to withdraw in such cases, either (1) new counsel must enter an appearance in the appellate court prior to or at the time of withdrawal; (2) counsel must provide the appellate court with an order of the trial court authorizing withdrawal; or (3) counsel must petition the appellate court to withdraw as counsel. Counsel for parties entitled to representation on appeal are cautioned that if any critical filing in the appellate process is omitted because of an omission by counsel, and if the party ordinarily would lose appeal rights because of that omission, counsel may be subject to discipline.**

With respect to appearances by new counsel following the initial docketing appearances pursuant to **[Subdivision]paragraph** (b) of this rule, please note the requirements of **[Rule]Pa.R.A.P.** 120.

**Rule 1112.  Appeals by Allowance.**

(a)  *General rule.*—An appeal may be taken by allowance under 42 Pa.C.S. § 724(a) (allowance of appeals from Superior and Commonwealth Courts) from any final order of the Commonwealth Court, not appealable under **[Rule]Pa.R.A.P.** 1101 (appeals as of right from the Commonwealth Court), or from any final order of the Superior Court.

(b)  *Definition.  Final order.*—A final order of the Superior Court or **the** Commonwealth Court is any order that concludes an appeal, including an order that remands an appeal, in whole or in part, unless the appellate court remands and retains jurisdiction.

(c)  *Petition for allowance of appeal.*

(1)  Allowance of an appeal from a final order of the Superior Court or the Commonwealth Court may be sought by filing a petition for allowance of appeal with the Prothonotary of the Supreme Court within the time allowed by **[Rule]Pa.R.A.P.** 1113 (time for petitioning for allowance of appeal), with proof of service on all other parties to the matter in the appellate court below.

(2)  If the petition for allowance of appeal is transmitted to the Prothonotary of the Supreme Court by means of first class, express, or priority United States Postal Service mail, the petition shall be deemed received by the **[p]P**rothonotary for the purposes of **[Rule]Pa.R.A.P.** 121(a) (filing) on the date **[deposited in the United States mail]** **shown by the United States Postal Service as the date accepted for posting**, as **[shown on]evidenced by** a United States Postal Service Form 3817 Certificate of Mailing or other similar United States Postal Service form from which the date of deposit can be verified.  The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service, shall show the docket number of the matter in the appellate court below**,** and shall be either enclosed with the petition or separately mailed to the **[p]P**rothonotary.

(3)  Upon actual receipt of the petition for allowance of appeal**,** the Prothonotary of the Supreme Court shall immediately stamp it with the date of actual receipt. That date, or the date of earlier deposit in the United States mail as prescribed in this **[subdivision]rule**, shall constitute the date when allowance of appeal was sought, which date shall be shown on the docket.  The Prothonotary of the Supreme Court shall immediately note the Supreme Court docket number upon the petition for allowance of appeal and give **[written]** notice of the docket number assignment**[in person or by first class mail]** to the prothonotary of the appellate court below who shall note on the docket that a petition for allowance of appeal has been filed**.  The**

11

**Prothonotary of the Supreme Court shall send notice to all persons [to the petitioner and to the other persons]** named in the proof of service accompanying the petition.

(4) In a children's fast track appeal, the Prothonotary of the Supreme Court shall stamp the petition for allowance of appeal with a "Children's Fast Track" designation in red ink, advising the Supreme Court that the petition for allowance of appeal is a children's fast track appeal.

(d) *Reproduced record.*—One copy of the reproduced record, if any, in the appellate court below shall be lodged with the Prothonotary of the Supreme Court at the time the petition for allowance of appeal is filed therein. A party filing a cross-petition for allowance of appeal from the same order need not lodge any reproduced record in addition to that lodged by petitioner.

(e) *Fee.*—The petitioner upon filing the petition for allowance of appeal shall pay any fee therefor prescribed by Chapter 27 (fees and costs in appellate courts and on appeal).

(f) *Entry of appearance.* Upon the filing of the petition for allowance of appeal the Prothonotary of the Supreme Court shall note on the record as counsel for the petitioner the name of his or her counsel, if any, set forth in or endorsed upon the petition for allowance of appeal, and, as counsel for other parties, counsel, if any, named in the proof of service. **Unless that party is entitled by law to be represented by counsel on allowance of appeal, t**[T]he Prothonotary shall upon **[praecipe]***praecipe* of any such counsel for other parties, filed at any time within 30 days after filing of the petition, strike off or correct the record of appearance. **If entry of appearance in the trial court extends through appeals,** [Thereafter, a] counsel's appearance for a party may not be withdrawn without leave of court**. Appearance cannot be withdrawn without leave of court for counsel who have not filed a** *praecipe* **to correct appearance within the first 30 days after the petition is docketed,** unless another lawyer has entered or simultaneously enters an appearance for the party.

**Official Note:** Based on 42 Pa.C.S. § 724(a) (allowance of appeals from Superior and Commonwealth Courts). The notation on the docket by the Prothonotary of the Superior Court or Commonwealth Court of the filing of a petition for allowance of appeal renders universal the rule that the appeal status of any order may be discovered by examining the docket of the court in which it was entered.

The United States Postal Service form may be in substantially the following form:

\*     \*     \*

The transmittal should be taken *unsealed* to the Post Office, the Form 3817 Certificate of Mailing or other similar United States Postal Service form from which the date of deposit can be verified should be obtained, cancelled, and attached to the petition, and the envelope should only then be sealed. Alternat**iv**ely, the cancelled Form 3817 or other similar United States Postal Service form from which the date of deposit can be verified can be submitted to the **[p]P**rothonotary under separate cover with clear identification of the filing to which it relates.

It is recommended that the petitioner obtain a duplicate copy of the Form 3817 or other similar United States Postal Service form from which the date of deposit can be verified as evidence of mailing. Since the Post Office is technically the filing office for the purpose of this rule**,** a petition which was mailed in accordance with this rule and which is subsequently lost in the mail will nevertheless toll the time for petitioning for allowance of appeal. However, counsel will be expected to follow up on a mail filing by telephone inquiry to the appellate prothonotary where written notice of the docket number assignment is not received in due course.

**[With regard to subdivision (f) and withdrawal of appearance without leave of the appellate court, counsel may nonetheless be subject to trial court supervision pursuant to Pa.R.Crim.P. 904 (Entry of Appearance and Appointment of Counsel;** *In Forma Pauperis***).]** <u>**The Rules of Criminal Procedure require counsel appointed by the trial court to continue representation through direct appeal. Pa.R.Crim.P. 120(A)(4) and Pa.R.Crim.P. 122(B)(2). Similarly, the Rules of Criminal Procedure require counsel appointed in post-conviction proceedings to continue representation throughout the proceedings, including any appeal from the disposition of the petition for post-conviction collateral relief. Pa.R.Crim.P. 904(F)(2) and Pa.R.Crim.P. 904(H)(2)(b). The same is true when counsel enters an appearance on behalf of a juvenile in a delinquency matter or on behalf of a child or other party in a dependency matter. Pa.R.J.C.P. 150(B), 151, Pa.R.J.C.P. 1150(B), 1151(B), (E). It would be rare for counsel in such cases to consider withdrawing by**</u> *praecipe*<u>**, but the 2020 amendment to the rule avoids any possibility of confusion by clarifying that withdrawal by**</u> *praecipe* <u>**is available only in matters that do not otherwise require court permission to withdraw.**</u>

With respect to appearances by new counsel following the initial docketing of appearances pursuant to **[Subdivision]<u>paragraph</u>** (f) of this rule, please note the requirements of **[Rule]<u>Pa.R.A.P.</u>** 120.

Where an appellant desires to challenge the discretionary aspects of a sentence of a trial court, the "petition for allowance of appeal" referred to in 42 Pa.C.S. § 9781(b) is deferred until the briefing stage, and the appeal is commenced by filing a notice of appeal pursuant to Chapter 9 rather than a petition for allowance of appeal pursuant to

Chapter 11.  *See* note to Pa.R.A.P. 902; note to Pa.R.A.P. 1115; Pa.R.A.P. 2116(b) and the note thereto; Pa.R.A.P. 2119(f) and the note thereto.

**Rule 1113.  Time for Petitioning for Allowance of Appeal.**

(a)   *General rule.*—Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed.

(1) If a timely application **f**or reargument is filed in the Superior Court or Commonwealth Court by any party, the time for filing a petition for allowance of appeal for all parties shall run from the entry of the order denying reargument or from the entry of the decision on reargument, whether or not that decision amounts to a reaffirmation of the prior decision.

(2)   Unless the Superior Court or the Commonwealth Court acts on the application for reargument within 60 days after it is filed**,** the court shall no longer consider the application, it shall be deemed to have been denied**,** and the prothonotary of the appellate court shall forthwith enter an order denying the application and shall immediately give **[written]** notice **[in person or by first class mail]** of entry of the order denying the application to each party who has appeared in the appellate court.  A petition for allowance of appeal filed before the disposition of such an application for reargument shall have no effect.  A new petition for allowance of appeal must be filed within the prescribed time measured from the entry of the order denying or otherwise disposing of such an application for reargument.

(3)   In a children's fast track appeal, unless the Superior Court acts on the application for reargument within 45 days after it is filed**,** the court shall no longer consider the application, it shall be deemed to have been denied**,** and the Prothonotary of the Superior Court shall forthwith enter an order denying the application and shall immediately give **[written]** notice **[in person or by first class mail]** of entry of the order denying the application to each party who has appeared in the appellate court.  A petition for allowance of appeal filed before the disposition of such an application for reargument shall have no effect.  A new petition for allowance of appeal must be filed within the prescribed time measured from the entry of the order denying or otherwise disposing of such an application for reargument.

(b)   *Cross-petitions.*—Except as otherwise prescribed in **[subdivision] paragraph** (c) of this rule, if a timely petition for allowance of appeal is filed by a party, any other party may file a **cross-**petition for allowance of appeal within 14 days of the date on which the first petition for allowance of appeal was served, or within the time otherwise prescribed by this rule, whichever period last expires.

(c)　*Special provisions.*—Notwithstanding any other provision of this rule, a petition for allowance of appeal from an order in any matter arising under any of the following shall be filed within ten days after the entry of the order sought to be reviewed:

　　**[(1)] 1.** Pennsylvania Election Code.

　　**[(2)] 2.** Local Government Unit Debt Act or any similar statute relating to the authorization of public debt.

**(d)　*Nunc pro tunc filing.*—In addition to the right of any petitioner to seek *nunc pro tunc* relief in compliance with the standard set forth in case law, in a criminal case, a party may, (either *pro se* or through counsel) file an application for permission to file a petition for allowance of appeal *nunc pro tunc* if the party directed counsel to file a petition for allowance of appeal but counsel did not do so timely.　If the Court cannot determine whether *nunc pro tunc* relief is appropriate from the information provided, the Court may remand to the trial court for factual findings.**

**Official Note:　[See]*See* note to [Rule]Pa.R.A.P.** 903 (time for appeal).

*Paragraph (b)*—A party filing a cross-petition for allowance of appeal **[pursuant to subdivision (b)]** should identify it as a cross-petition to assure that the prothonotary will process the cross-petition with the initial petition. *See also* **[Rule]Pa.R.A.P.** 511 (cross-appeals), **[Rule]Pa.R.A.P.** 2136 (briefs in cases involving cross-appeals), and **[Rule]Pa.R.A.P.** 2322 (cross- and separate appeals).

**_Paragraph (d)_—An application for *nunc pro tunc* relief pursuant to Pa.R.A.P. 123 should contain averments and documentation in support of the request.　Such an application may eliminate the need for a criminal defendant to vindicate the right to file a petition for allowance of appeal through post-conviction proceedings and preserve judicial resources.　This method is available because the Supreme Court has recognized that a criminal defendant has a right to have counsel petition for allowance of appeal.　Pennsylvania Rules of Criminal Procedure 120 and 122 require counsel to represent clients through all stages of a direct appeal, and this places on counsel an obligation to file a petition for allowance of appeal if the client requests one, and to represent the client in the Pennsylvania Supreme Court, if allowance of appeal is granted.　Parties seeking *nunc pro tunc* relief must act promptly to assert such a right upon learning of the existence of the basis for such relief. *See, e.g., Commonwealth v. Bassion*, 568 A.2d 1316 (Pa. Super. 1990).　Additionally, nothing in this rule is intended to expand upon the jurisdictional time limitations of the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541 *et seq.*_**

**Rule 1311. Interlocutory Appeals by Permission.**

(a)  *General rule.*—An appeal may be taken by permission under 42 Pa.C.S. § 702(b) (interlocutory appeals by permission) from any interlocutory order of a **[lower]trial** court or other government unit.    **[See]***See*  **[Rule]Pa.R.A.P.** 312 (interlocutory appeals by permission).

(b)     *Petition for permission to appeal.*—Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the **[lower]trial** court or other government unit with proof of service on all other parties to the matter in the **[lower]trial** court or other government unit and on the government unit or clerk of the **[lower]trial** court, who shall file the petition of record in such **[lower]trial** court.  An application for an amendment of an interlocutory order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b) shall be filed with the **[lower]trial** court or other government unit within 30 days after the entry of such interlocutory order and permission to appeal may be sought within 30 days after entry of the order as amended.  Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.    If the petition for permission to appeal is transmitted to the prothonotary of the appellate court by means of first class, express, or priority United States Postal Service mail, the petition shall be deemed received by the prothonotary for the purposes of **[Rule]Pa.R.A.P.** 121(a) (filing) on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817 Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified.  The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service, shall show the docket number of the matter in the **[lower]trial** court or other government unit, and shall be either enclosed with the petition or separately mailed to the prothonotary.   Upon actual receipt of the petition for permission to appeal, the prothonotary of the appellate court shall immediately stamp it with the date of actual receipt.  That date, or the date of earlier deposit in the United States mail as prescribed in this **[subdivision]paragraph**, shall constitute the date when permission to appeal was sought, which date shall be shown on the docket.   The prothonotary of the appellate court shall immediately note the appellate docket number assignment upon the petition for permission to appeal and give **[written]** notice of the docket number assignment **[in person or by first class mail]** to the government unit or clerk of the **[lower]trial** court, to the petitioner, and to the other persons named in the proof of service accompanying the petition.

(c) *Fee.*—The petitioner upon filing the petition for permission to appeal shall pay any fee therefor prescribed by Chapter 27 (fees and costs in appellate courts and on appeal).

(d) *Entry of appearance.*—Upon the **acceptance for** filing of the petition for permission to appeal the prothonotary of the appellate court shall note on the record as counsel for the petitioner the name of counsel, if any, set forth in or endorsed upon the petition for permission to appeal, and, as counsel for other parties, counsel, if any, named in the proof of service. **Unless that party is entitled by law to be represented by counsel on a petition for permission to appeal, t[T]**he prothonotary shall upon **[praecipe]***praecipe* of any such counsel for other parties, filed at any time within 30 days after filing of the petition, strike off or correct the record of appearance. **If entry of appearance in the trial court extends through appeals, [Thereafter a]** counsel's appearance for a party may not be withdrawn without leave of court**[,].** **Leave of court to withdraw is also required for any other counsel who have not filed a** *praecipe* **to correct appearance within the first 30 days after the petition is docketed,** unless another lawyer has entered or simultaneously enters an appearance for the party.

**Official Note:** Based on 42 Pa.C.S. § 702(b) (interlocutory appeals by permission). **[See]***See* note to **[Rule]Pa.R.A.P.** 903 (time for appeal). Compare 42 Pa.C.S. § 5574 (effect of application for amendment to qualify for interlocutory appeal).

See the Official Note to **[Rule]Pa.R.A.P.** 1112 (appeals by allowance) for an explanation of the procedure when Form 3817 or other similar United States Postal Service form from which the date of deposit can be verified is used.

Where the **[administrative agency]government unit** or **[lower]trial** court refuses to amend its order to include the prescribed statement, a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal. If the petition for review is granted in such a case, the effect (as in the Federal practice under 28 U.S.C. § 1292(b)) is the same as if a petition for permission to appeal had been filed and granted, and no separate petition for permission to appeal need be filed.

The 1997 amendment to **[subdivision]paragraph** (b) provides for a deemed denial where the trial court or other government**[al]** unit fails to act on the application within 30 days. Under such circumstances, a party may need to file a **[praecipe]***praecipe* for entry of the deemed denial pursuant to **[Rule]Pa.R.A.P.** 301(d).

**[With regard to subdivision (d) and withdrawal of appearance without leave of the appellate court, counsel may nonetheless be subject to trial court supervision pursuant to Pa.R.Crim.P. 904 (Entry of Appearance and Appointment**

18

**of Counsel; *In Forma Pauperis*.]  The Rules of Criminal Procedure require counsel appointed by the trial court to continue representation through direct appeal. Pa.R.Crim.P. 120(A)(4) and Pa.R.Crim.P. 122(B)(2).  Similarly, the Rules of Criminal Procedure require counsel appointed in post-conviction proceedings to continue representation throughout the proceedings, including any appeal from the disposition of the petition for post-conviction collateral relief.  Pa.R.Crim.P. 904(F)(2) and Pa.R.Crim.P. 904(H)(2)(b).  The same is true when counsel enters an appearance on behalf of a juvenile in a delinquency matter or on behalf of a child or other party in a dependency matter.  Pa.R.J.C.P. 150(B), 151, Pa.R.J.C.P. 1150(B), 1151(B), (E).  It would be rare for counsel in such cases to consider withdrawing by *praecipe*, but the 2020 amendment to the rule avoids any possibility of confusion by clarifying that withdrawal by *praecipe* is available only in matters that do not otherwise require court permission to withdraw.**

With respect to appearances by new counsel following the initial docketing of appearances pursuant to **[Subdivision]paragraph** (d) of this rule, please note the requirements of **[Rule]Pa.R.A.P.** 120.

**Rule 1701. Effect of Appeal Generally.**

(a)  *General rule.*—Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

(b)  *Authority of a trial court or agency after appeal.*—After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1)  Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal **[in forma pauperis]** *in forma pauperis*, grant **[supersedeas]** *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2)  Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3)  Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i)  an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii)  an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5) Take any action directed or authorized **[on application]** by **[the]** <u>an</u> appellate court.

(6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

(c) *Limited to matters in dispute.*—Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

(d) *Certain petitions for review.*—The filing of a petition for review (except a petition relating to a quasijudicial order) shall not affect the power or authority of the government unit to proceed further in the matter but the government unit shall be subject to any orders entered by the appellate court or a judge thereof pursuant to this chapter.

**Official Note:** The following statutory provisions relate to **[supersedeas]** <u>*supersedeas*</u> generally:

42 Pa.C.S. § 702(c) (**[supersedeas]** <u>*supersedeas*</u>) provides that except as otherwise prescribed by general rule, a petition for permission to appeal under that section shall not stay the proceedings before the **[lower]**<u>trial</u> court or other government unit, unless the **[lower]**<u>trial</u> court or other government unit or the appellate court or a judge thereof shall so order. **[See also Rule]**<u>*See also* **Pa.R.A.P.**</u> 1313 (effect of filing petition).

42 Pa.C.S. § 5105(e) (**[supersedeas]** <u>*supersedeas*</u>) provides that an appeal shall operate as a **[supersedeas]**<u>*supersedeas*</u> to the extent and upon the conditions provided or prescribed by law, and that unless a **[supersedeas]**<u>*supersedeas*</u> is entered<u>,</u> no appeal from an order concerning the validity of a will or other instrument or the right to the possession of or to administer any real or personal property shall suspend the powers or prejudice the acts of the appointive judicial officer, personal representative<u>,</u> or other person acting thereunder.

**[Subdivision]** **Paragraph** (a) codifies a well-established principle. *See*, *e.g.*, *Merrick Estate*, **[432 Pa. 450, 454,]** 247 A.2d 786, 787 (**Pa**. 1968); *Corace v. Balint*, **[418 Pa. 262, 275-76,]** 210 A.2d 882, 889 (**Pa.** 1965). **[Rule]Pa.R.A.P.** 5102 saves the provisions of Section 426 of the Pennsylvania **[Workmen's]** **Workers'** Compensation Act, **[(]**77 P.S. § 871**[)]**, which permit a rehearing by the agency under certain circumstances during the pendency of an appeal. **[Rule]Pa.R.A.P.** 311(h) (further proceedings in **[lower]** **trial** court) provides that **[Subdivision]paragraph** (a) is not applicable where an appeal as of right is taken from interlocutory orders relating to attachments, injunctions, etc., thus making clear that the procedure for seeking appellate review of these collateral matters does not impair the power of the **[lower]trial** court to continue with the **merits of the** case **[proper]**.

**[Subdivision]Subparagraph** (b)(1) sets forth an obvious power of the **[lower]trial** court or **[agency]other government unit** under these rules to take actions to preserve the **[status quo]***status quo* and to clarify or correct an order or verdict. The power to clarify or correct does not extend to substantive modifications. ***See*** *Pa. Indus. Energy Coalition v. Pennsylvania PUC*, 653 A.2d 1336, 1344-45 (Pa. Cmwlth. 1995), *aff'd*, **[543 Pa. 307,]** 670 A.2d 1152 (**Pa.** 1996). Examples of permissible actions to preserve the status quo are those "auxiliary to the appellate process, such as a supersedeas or injunction." *Id.* Examples of permissible corrections are "non-substantial technical amendments to an order, changes in the form of a decree, and modification of a verdict to add prejudgment interest." *Id.* at 1344. "Such actions have no effect on the appeal or petition for review and cannot prompt a new appealable issue." *Id.* at 1345.

Among the permissible "corrections" is the addition or modification of contractual or statutory prejudgment interest, which is an element of contract damages. In such cases, the award of such interest is mandatory and not discretionary. *TruServ Corp. v. Morgan's Tool & Supply Co. Inc.,* **[__Pa.__,]**39 A.3d 253, 264 (**Pa.** 2012). Accordingly, even though the amount of a verdict is changed by the addition of prejudgment interest, the verdict has been "corrected" and not "modified."

The Supreme Court has held that, so long as a motion for attorneys' fees has been timely filed, a trial court may act on that motion under subdivision (b)(1) even after an appeal has been taken. *Samuel-Bassett v. Kia Motors Am., Inc.*, **[613 Pa. 371,]** 34 A.3d 1, 48 (**Pa.** 2011). Thus, unlike the court actions discussed in *Pa. Indus. Energy Coalition*, an award of attorneys' fees constitutes a separately appealable order that would be reviewable upon filing of a timely separate notice of appeal, measured from the date the fee award order was entered.

Generally an appeal does not operate as a **[supersedeas]***supersedeas* of government agency action.

**[Subdivision]Subparagraph** (b)(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. The rule (1) permits the trial court or other government unit to grant reconsideration if action is taken during the applicable appeal period, which is not intended to include the appeal period for cross-appeals, or, during any shorter applicable reconsideration period under the practice below, and (2) eliminates the possibility that the power to grant reconsideration could be foreclosed by the taking of a "snap" appeal. The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc. If the application lacks merit, the trial court or other government unit may deny the application by the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal period.  If the trial court or other government unit fails to enter an order "expressly granting reconsideration" (an order that "all proceedings shall stay" will not suffice) within the time prescribed by these rules for seeking review, **[Subdivision]paragraph** (a) becomes applicable and the power of the trial court or other government unit to act on the application for reconsideration is lost.

**[Subdivision]Subparagraph** (b)(3) provides that: "**[(][**W**[)]]**here a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after entry of the decision on reconsideration." Pursuant to Pa.R.C.P. 1930.2, effective July 1, 1994, where reconsideration from a domestic relations order has been timely granted, a reconsidered decision or an order directing additional testimony must be entered within 120 days of the entry of the order granting reconsideration or the motion shall be deemed denied.  **[See]**_See_ Pa.R.C.P. 1930.2(c), (d), and (e). The date from which the appeal period will be measured following a reconsidered decision in a domestic relations matter is governed by Pa.R.C.P. 1930.2(d) and (e).

Under the 1996 amendments to the Rules of Criminal Procedure governing post-sentence practice, **[see]**_see_ Pa.R.Crim.P. 720 and 721, reconsideration of a decision on a defendant's post-sentence motion or on a Commonwealth motion to modify sentence must take place within the time limits set by those rules, and the judge may not vacate sentence or "grant reconsideration" pursuant to **[subdivision]subparagraph** (b)(3) in order to extend the time limits for disposition of those motions.  **[The amendments to ]**Pa.R.Crim.P. 720 and **[new Pa.R.Crim.P.]** 721 resolve**d** questions raised about the interplay between this **[subdivision]subparagraph** and post-trial criminal practice.  **[See, e.g.]**_See, e.g._., _Commonwealth v. Corson_, 444 A.2d 170 (Pa. Super**[,]**. 1982).

**Subparagraph (b)(5) recognizes the authority that an appellate court has to retain jurisdiction while asking a trial court or other government unit to engage in factfinding, an authority that is particularly important when questions arise in an**

**appellate court about the course of events in the trial court or when representation by counsel becomes an issue on appeal.**

**Rule 2315. Time for Argument. Argument Lists.**

(a) *General rule.*—Oral argument is not a matter of right and will be permitted only to the extent necessary to enable the appellate court to acquire an understanding of the issues presented. The presiding judge may terminate the argument for any party notwithstanding the fact that the maximum time for argument specified in the applicable provision of these rules has not been exhausted.

(b) *Assignment to lists.*—Argument lists shall consist of the regular list and short list. All cases listed for argument shall be placed upon the regular list unless all the parties upon **[praecipe]***praecipe* to the prothonotary of the appellate court request the case to be placed upon the short list.

(c) *Short list.*—The time for argument of cases on the short list shall be limited to not more than 15 minutes for each side.  On days when there are cases on both the short list and on the regular list those on the short list shall be heard first and in order of listing.

(d) *Regular list.*—The time for argument of cases on the regular list shall be limited to not more than 30 minutes for each side. When there are two or more appeals from the same order, and in joint appeals, even though they raise different or unrelated questions, **[counsel]** <u>the person or persons arguing</u> for all the appellants will be limited to a total of not more than 30 minutes for argument, and **[counsel]** <u>the person or persons arguing</u> for all the appellees to a total of not more than 30 minutes.  The maximum time shall be divided between or among the appellants or between or among the appellees respectively as they may decide, subject to reduction as prescribed in **[Subdivision]**<u>paragraph</u> (a) of this rule.

**[Official Note: Based on former Supreme Court Rules 24 and 25, former Superior Court Rule 15, and former Commonwealth Court Rule 70. The Superior Court practice of handling all cases on the short list is continued in Rule 3513 (oral arguments).**

**The maximum time is intended as a limit for complex cases, and counsel should prepare for argument on the assumption that less than the maximum time for argument may be allowed by the presiding judge.]**

**Rule 2321. Order and Content of Argument.**

The appellant shall open, and if permitted by the court by way of rebuttal, may conclude the argument. **[Counsel]A person presenting argument** should not read at length from briefs, records, or authorities.

**[Official Note: Based in part on former Supreme Court Rule 31 (part), and former Superior Court Rule 23 (part). This rule is intended to make clear that the appellant does not have the right at the commencement of argument to reserve a portion of his argument until after the argument for appellee.]**

**Rule 2323. Physical Exhibits.**

If physical exhibits other than documents are to be used at the argument, **[counsel]the person presenting argument** shall arrange to have them placed in the **[court room]courtroom** before the court convenes on the date of the argument. After the argument**, [counsel]the person bringing the exhibits** shall cause the exhibits to be removed from the **[court room]courtroom** unless the court otherwise directs. If exhibits are not reclaimed by counsel within a reasonable time after notice given by the prothonotary, they shall be destroyed or otherwise disposed of as the prothonotary shall think best.

**Rule 3304.  [Hybrid Representation]** <u>Reserved</u>.

[Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record.

Official Note:  The present rule is premised on *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137 (1993) and is to be distinguished from litigants who are pro se in litigation.]